UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                                   Plaintiff,

                                                      Case # 19-CV-6232-FPG
v.

                                                      DECISION AND ORDER

$144,975.00 UNITED STATES CURRENCY,
$8,500.00 UNITED STATES CURRENCY, AND
ONE 2010 MERCEDES BENZ 350 BEARING
VIN: WDDHF8HBXAA128110

                                   Defendants.

_____

## INTRODUCTION

Plaintiff, the United States of America, brought this *in rem* action for forfeiture of the above-listed property (the "Defendant Property") seized from Andres Escalera. ECF No. 1. Now before the court is the Government's motion pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rule") G(8)(c) to strike the late claim, ECF No. 14, and answer, ECF No. 6, filed by Escalera. ECF No. 20. The Government's motion to strike, ECF No. 20, is DENIED.

## BACKGROUND

The Government alleges that, on October 28, 2018, the Defendant Property was seized from Escalera's residence. ECF No. 1 ¶¶ 4, 7–10. The Government alleges that the Defendant Property is subject to forfeiture because it was furnished or intended to be furnished in exchange for controlled substances, was used or intended to be used to facilitate the purchase or sale of a controlled substance, or constitutes proceeds traceable to such an exchange. *Id.* ¶ 14. The Government initiated administrative forfeiture proceedings against the Defendant Property, which

were halted after Escalera filed administrative claims on December 31, 2018 and January 2, 2019.

*Id.* ¶ 15.

On March 28, 2019, the Government initiated this action by filing a Verified Complaint. ECF No. 1. On March 29, 2019, the Clerk of Court issued Arrest Warrants *in Rem* for the Defendant Property. ECF No. 3. On June 19, 2019, the Government sent copies of the Arrest Warrants *in Rem*, the Verified Complaint, a Notice of Forfeiture Action, and a cover letter to Escalera courtesy of his attorney. ECF No. 20 ¶ 4; ECF No. 22 ¶ 3. The Notice of Forfeiture Action specified that:

> Any person who asserts an interest in any of the defendant property may contest the forfeiture by filing a claim in th[is Court] . . . by **July 24, 2019**, in accordance with Rule G(5) . . . . Additionally, any claimant must serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure within **21** days after filing their claim.

ECF No. 23-1 at Ex. 3.

Less than two weeks later, on July 1, 2019, Escalera filed a "Verified Answer," claiming that he obtained the Defendant Property by gambling at the del Lago Resort & Casino. ECF No. 6 ¶¶ 8–10; ECF No. 6-1. On August 27, 2019, Escalera filed a Verified Notice of Claim asserting ownership of the Defendant Property. ECF No. 14.

## LEGAL STANDARD

Supplemental Rule G(8)(c) provides that the Government may, at any time before trial, move to strike a claim or answer "for failing to comply with Rule G(5) or . . . because the claimant lacks standing." Under Supplemental Rule G(5)(a)(i), a "person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending." A claim must: "[1] identify the specific property claimed; [2] identify the claimant and state the claimant's interest in the property; [3] be signed by the claimant under penalty of perjury;

and [4] be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)." Supplemental Rule G(5)(a)(i). A claimant must also file an answer to the complaint "within 21 days after filing the claim." Supplemental Rule G(5)(b).

"Strict compliance with the rules is generally required." *United States v. $5,227.00 U.S. Currency*, No. 12-CV-6528, 2013 WL 2450733, at *1 (W.D.N.Y. June 5, 2013); *see also United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) ("Strict compliance with [the deadline for an answer to a forfeiture complaint] is typically required."). If a claimant fails to comply with the strictures of the Supplemental Rules, "his claim may be stricken for lack of statutory standing." *$5,227.00 U.S. Currency*, 2013 WL 2450733, at *1 (internal quotation marks omitted). The Court, however, retains discretion to waive strict compliance with these rules. *United States v. $417,143.48 in U.S. Currency*, 682 F. App'x 17, 19–20 (2d Cir. 2017) (summary order) (citing *Amiel*, 995 F.2d at 371 ("[A] court has discretion in appropriate circumstances to depart from the strict compliance standard" embodied by Supplemental Rule G(5)).

## DISCUSSION

The parties are in agreement that Escalera's Verified Notice of Claim was not timely filed. ECF No. 14; ECF No. 20 ¶¶ 6, 8; ECF No. 22 ¶ 11. Given that "[s]trict compliance with the rules is generally required," *$5,227.00 U.S. Currency*, 2013 WL 2450733, at *1, Escalera's Notice of Claim would typically be struck due to his failure to comply with the deadlines of Supplemental Rule G(5)(a)(ii)(A).

Here, however, Escalera filed a "Verified Answer" within the time for filing a notice of claim. ECF No. 6. Generally, an answer is insufficient to satisfy the procedural requirements of Supplemental Rule G(5)(a). *$5,227.00 U.S. Currency*, 2013 WL 2450733, at *1–2; *United States v. $20,000.00 in U.S. Currency*, 350 F. Supp. 3d 1148, 1162 (D.N.M. 2018) ("Even if the Answers

3

substituted for verified claims—which they do not—the Claimants would still have had to file two distinct pleadings each, and they did not."); *see also United States v. Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2005) ("When a claimant files an answer but has not timely filed a verified claim, the court may strike the answer."); *United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (same). But Escalera filed a "Verified Answer," which he verified by swearing to the contents thereof before a notary public. ECF No. 6. Accordingly, this document, at least arguably, meets all of the requirements to be considered a "claim" for purposes of Supplemental Rule G(5)(a)(i). *United States v. 1 Street A–1*, 885 F.2d 994, 999 (1st Cir. 1989) ("[W]here the claimant timely filed a *verified* answer containing all the information required in the claim, the answer may be deemed to have fulfilled the function of a claim in terms of establishing the owner's standing."); *see also $20,000.00 in U.S. Currency*, 350 F. Supp. 3d at 1161–63 (noting that answers satisfied all of the requirements of Supplemental Rule G(5)(a) except the requirement that they be signed under penalty of perjury (but exercising discretion and allowing claimant to file untimely notice of claim where answers "would have been timely filed had they filed claims")).

Even assuming the Verified Answer did not strictly comply with Supplemental Rule G(5)(a)(i), "[t]echnical noncompliance with the procedural rules governing the filing of forfeiture claims will be excused where there is a sufficient showing of interest in the property." *United States v. One 1987 Jeep Wrangler*, 972 F.2d 472, 481 (2d Cir. 1992); *see United States v. 4492 S. Livonia Rd.*, 889 F.2d 1258, 1262 (2d Cir. 1989) (holding that when a claimant makes "a sufficient showing of interest in the property through filing with the court a motion and accompanying affidavits, technical noncompliance with the procedural rules governing the filing of claims may be excused"). "Courts typically exercise their discretion when claimants have timely placed the court and government on notice of their interest in the property and intent to contest the forfeiture,

4

recognizing both the good-faith effort put forth and the lack of prejudice to the government under such circumstances." *United States v. $3,585.00 U.S. Currency*, No. 18-CV-581, 2019 WL 422660, at *4 (W.D.N.Y. Feb. 4, 2019) (quoting *United States v. $138,381.00 in U.S. Currency*, 240 F. Supp. 2d 220, 230 (E.D.N.Y. 2003)).[1]

In forfeiture actions, the primary goals underlying the timeliness and verification rules "are to force claimants to come forward as soon as possible after forfeiture proceedings have begun and to prevent false claims." *1 Street A–1*, 885 F.2d at 1001; *see also United States v. $487,825.00 in U.S. Currency*, 484 F.3d 662, 664–65 (3d Cir. 2007) (noting that the requirement that a claimant file a timely verified claim serves two purposes: it forces claimants to come forward as quickly as possible, and it minimizes the danger of false claims). Because the Verified Answer was timely filed and Escalera swore to its contents before a Notary Public, it appears that allowing Escalera's claim to proceed would not traverse the primary goals of the rules.

---

[1] The Government asserts that the Court must apply the "excusable neglect" standard in determining whether to exercise its discretion in this matter. ECF No. 20-1 at 7–11; *see Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366–67 (2d Cir. 2003) (noting that "the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule and . . . where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose" (internal quotation marks and brackets omitted)). The Second Circuit, however, has strongly suggested that this Court retains discretion to excuse technical noncompliance with the forfeiture rules. *See $417,143.48 in U.S. Currency*, 682 F. App'x at 19–20. Although the "excusable neglect" standard applies where a claimant fails to come forward within the allotted time, *$3,585.00 U.S. Currency*, 2019 WL 422660, at *4–5, it appears that that heightened standard either may be met or may be excused where "putative claimants have placed the court and the government on notice of their interest in the property and their intent to contest the forfeiture." *United States v. $175,918.00 in U.S. Currency*, 755 F. Supp. 630, 633 (S.D.N.Y. 1991) (collecting cases); *see also United States v. Conolly*, 694 F. App'x 10, 13–14 (2d Cir. 2017) (analyzing application of the excusable neglect standard in the context of a default judgment ruling in a forfeiture proceeding); Supplemental Rule G, advisory committee's note, subdiv. 8 ("As with other pleadings, the court should strike a claim or answer only if satisfied that an opportunity should not be afforded to cure the defects under Rule 15.").

There is no dispute that Escalera timely placed the Court and the Government on notice of his interest in the property via his Verified Answer.[2] There is also no dispute that Escalera has now filed a Verified Notice of Claim (which he filed before the Government filed its motion to strike). ECF Nos. 14, 20. The Government has not alleged prejudice or bad faith on the part of Escalera. ECF Nos. 20, 20-1, 23. The Government only points out that Escalera is represented by counsel, ECF No. 20-1 at 13, which does weigh in the Government's favor. Further, given that the four-page affidavit of Escalera's attorney submitted in "response" to the Government's motion to strike is devoid of citation to authority, ECF No. 22, the Court certainly has misgivings regarding Escalera's willingness or ability to vigorously contest this action.[3] Nonetheless, it appears that Escalera made efforts to move this proceeding forward and promptly filed a Verified Notice of Claim after his attorney learned of his error. ECF Nos. 9, 11, 14; ECF No. 22 ¶ 8. At this stage, the equities weigh in favor of permitting Escalera's claim to proceed.

## CONCLUSION

The Government's motion to strike Escalera's verified claim and answer, ECF No. 20, is DENIED.

IT IS SO ORDERED.

Dated: September 29, 2020
        Rochester, New York

                                            _____
                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court

---

[2] Escalera also filed administrative claims, ECF No. 1 ¶ 15, but administrative claims, standing alone, would have been insufficient to confer standing in this Court "under the plain terms of Supplemental Rule G(5)." *Conolly*, 694 F. App'x at 13.

[3] The Court expresses no opinion regarding Escalera's allegedly meritorious claim. ECF No. 22 ¶ 12. The merits of Escalera's claim are irrelevant at this stage of the proceeding. *See $5,227.00 U.S. Currency*, 2013 WL 2450733, at *1.